```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                      EASTERN DIVISION
```

FILED
99 MAR -3 AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR - 3 1999

DAVID MICHAEL WHETSTONE,       }
                               }
        Plaintiff,              }
                               }      CIVIL ACTION NO.
v.                             }
                               }      95-AR-3334-E
MARY WILLIFORD,                }
                               }
        Defendant.              }
                               }

## MEMORANDUM OPINION

The motion for summary judgment filed on February 8, 1999, by Mary Williford ("Williford"), the only remaining defendant in the above-styled cause, is now under submission after being briefed and orally argued. In reality, this motion is a <u>renewed</u> Rule 56 motion, because this court long ago denied Williford's Rule 56 motion, the fact that precipitated her recently unsuccessful appeal to the Eleventh Circuit.

The procedural posture of the case is unique. Plaintiff, David Michael Whetstone, was just as unsuccessful in his appeal from the <u>granting</u> of summary judgment in favor of all other defendants as Williford was in appealing the <u>denial</u> of her motion for summary judgment based on qualified immunity. The only reason Williford had the right to the interlocutory appeal she took was the denial of her claim of "qualified immunity." See Forsyth v. Mitchell, 472 U.S. 511 (1985). What this court would have done (or should have done), in light of Williford's statute of

limitations defense, when in 1997 she only pressed upon the court her qualified immunity defense, is necessarily speculative. The court did not then deal with the statute of limitations issue because the court was not asked to deal with it, that is, unless the routine inclusion of that defense in her answer as one of Williford's laundry list of defenses should have been enough to alert the court to its significance as a dispositive issue while considering Williford's Rule 56 motion emphasizing qualified immunity. The wastefulness inherent in this situation is made sadder by the fact that Williford did not file a motion for reconsideration when her earlier Rule 56 motion was denied upon a finding that she was not qualifiedly immune. If Williford had only pointed out the court's failure to deal with her statute of limitations defense in 1997, this court would not be faced with the issue now.

Confessedly, Williford's original answer did, in fact, interpose, *inter alia,* the defense of the statute of limitations, although Williford never expressly invoked the two-year statute made applicable by *Owens v. Okure,* 488 U.S. 235 (1989). The court concludes that the mere fact that Williford failed to argue her statute of limitations defense at the same time she argued her qualified immunity defense does not mean that she waived a statute of limitations defense, or that she now is precluded by the law-of-the-case from raising it. If this court had denied Williford's earlier Rule 56 motion after having expressly addressed and

rejected her statute of limitations defense, Williford could not have appealed from the denial of her statue of limitations defense simultaneously with her appeal from the denial of her qualified immunity defense, that is, unless this court had then certified its ruling on the statute of limitations defense pursuant to 28 U.S.C. § 1292(b), and unless the Eleventh Circuit had been willing to hear two equally dispositive issues simultaneously.  Looking back on it, this court wishes that it had been awake and, without prompting, had dealt with the statute of limitations question  in its 1997 ruling, because, if it is now correct in what it is about to do, this case would probably be been concluded.

To make a long story short, this court is actually considering for the first time the two-year statute of limitations as an alleged bar to this action, which was brought by Whetstone in an Alabama federal court under 42 U.S.C. § 1983.  Whetstone filed his complaint on December 28, 1995.  Williford's decision not to recommend a full pay increase for Whetstone, the decision that was the single subject of this court's ruling on qualified immunity, was made prior to December 27, 1993, and therefore occurred more than two years before this suit was instituted.  Whetstone concedes that any act by Williford predating December 27, 1993, is barred, but now argues that Williford's § 1983 violation was a continuing violation that penetrated the two-year period before the complaint was filed.  This might be a good argument but for a fact Whetstone overlooks.  The earlier opinion of this court, first

entered on February 25, 1997, and subsequently affirmed by the Eleventh Circuit, held as follows:

1. Adverse Employment Action

   An adverse employment action is very broad and includes, but is not limited to, demotions, refusals to hire, refusals to promote, and reprimands. See Goffer, 956 F.2d at 1049 n.1. In the instant action Whetstone asserts that "Williford sought to demote him to the position of maintenance working foreman, denied him a cost-of-living pay raise and required him to vacate his office," and the Board approved the demotion. (Compl. at 3).[1]

---

[1] Defendants refer to two warning notices that Williford issued to Whetstone in 1994 and 1996, and argue that these are not adverse employment actions. See Goffer, 956 F.2d at 1049 n.1. However, because Whetsone does not allege that these are adverse employment actions in his complaint or his brief in response to defendants' motion for summary judgment, this court determines that they are not adverse employment actions.

Because the acts upon which Whetstone now relies for avoiding the bar of the statute of limitations, even though they occurred within the critical two-year period, did not themselves constitute "adverse employment actions," they cannot constitute continuing violations nor can they be effective to avoid the bar.

Whetstone and Williford present an interesting question. The court has given its answer, right or wrong. An appropriate separate order will be entered.

DONE this 3rd day of March, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE